IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREDDY F. ROJAS-RIOS ) | |
| 6620 Newport Rd. ) | |
| Hyattsville, Maryland 20784 ) | |
| ) | |
|     Plaintiff, on behalf of himself and all ) | |
|     similarly situated individuals ) | |
| ) | |
|     v. ) | |
| ) | |
| HUMPHREY RICH CONSTRUCTION ) | |
| GROUP, INC. ) | Civil Action: |
| 10200 Old Columbia Road ) | |
| Suite K ) | |
| Columbia, Maryland 21046 ) | Jury Trial Demanded |
| ) | |
| Serve: ) | |
| Corporation Service Company ) | |
| 1090 Vermont Ave. NW ) | |
| Washington, DC 20005 ) | |
| ) | |
| DYNAMO PAINTING  LLC ) | |
| 4200 8th Street ) | |
| Arlington, Virginia 22204 ) | |
| ) | |
| Serve: ) | |
| Javier Aguilar ) | |
| 4200 8th St ) | |
| Arlington, Virginia 22204 ) | |
| ) | |
| EDGAR URIONA CABRERA ) | |
| 1325 South Monroe Street ) | |
| Arlington, VA 22204 ) | |
| ) | |
|     Defendants. ) | |
| ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Nature of the Action**

1. Defendant general contractor Humphrey Rich Construction Group, Inc. ("HR"), subcontracted with Defendants Edgar Uriona Cabrera and Dynamo Painting, LLC,("Dynamo") to perform carpentry work at a renovation taking place at the Mayflower Hotel in Washington, D.C. The Plaintiff and similarly situated individuals are carpenters who performed work at the Mayflower Hotel from on or around December 2014 until on or around September 2015.

2. The plaintiff and similarly situated individuals worked an average of seven (7) days a week, nine and a half hours a day. The plaintiff and similarly situated individuals were paid $18.00 an hour, and were not paid for all hours worked and did not receive an overtime premium for the approximately twenty-three (23) hours over forty (40) they worked in each workweek.

3. The plaintiff and similarly situated individuals were misclassified as independent contractors.

4. Plaintiff, on behalf of himself and similarly situated individuals, brings this action to recover damages for defendants' willful failure to pay wages and for willful misclassification.

5. Plaintiff, on behalf of himself and similarly situated individuals, asserts claims under: a) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*. b) the District of Columbia Minimum Wage Act Revision Act ("DCMWRA"), D.C. Code §§ 32-1003 *et seq*.; c) the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code §§ 32-1301 *et seq*.; (d) the DC Wage Theft Prevention Amendment Act ("DCWTPAA"), D.C. Code §§ 32-1001-15, 32-1301-11, and the D.C. Workplace Fraud Act, D.C. Code §§32.1331.01-.15.

6. Plaintiff, on behalf of himself and all similarly situated individuals, brings his FLSA and DCMWRA claims as a "collective action" pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(1), and their DCWPCL and DCWTPAA claims as a traditional class action pursuant to Fed. R. Civ. P. 23.

## Jurisdiction and Venue

7. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (FLSA jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to plaintiffs' claims occurred in this district.

## Parties

9. Plaintiff is an adult resident of Hyattsville, Maryland, residing at the address in the caption above.

10. Defendant Humphrey Rich Construction Group, Inc. ("HR") is a full-service general contractor operating throughout the mid-Atlantic region. Its principal place of business is located at 10200 Old Columbia Road, Suite K, Columbia, Maryland 21046.

11. HR's registered agent for service of process is Corporation Service Company. The address is 1090 Vermont Ave. NW, Washington, DC 20005.

12. Defendant Dynamo Painting LLC is a subcontractor based in Virginia at the address listed in the above caption.

13. Defendant Edgar Uriona Cabrera is the owner of Dynamo Painting LLC, a successor company of Mambo Contractors Inc. Edgar Uriona Cabrera created a successor to Dynamo called L.C.C. Wallpaper Limited Company. All three companies are alter egos of Edgar Uriona Cabrera, created to evade liability for nonpayment of wages.

14. At all relevant times, each defendant employed at least two people.

15. By information and belief, at all relevant times, each defendant had an annual dollar volume of sales or business done of at least $500,000.

16. At all relevant times, plaintiffs and similarly situated individuals were engaged in commerce or in the production of goods for commerce.

17. At all relevant times, and with respect to plaintiff and similarly situated individuals, defendants Edgar Uriana Cabrera and Dynamo Painting LLC had and exercised both actual and apparent authority to hire and fire, direct and supervise work, and bind and set wage and hour policies.

18. At all relevant times, defendants were employers of plaintiff and similarly situated individuals within the meaning of 29 U.S.C. § 203 (d) (FLSA), D.C. Code § 32 – 1002(3) (DCMWRA), D.C. Code § 32-1300(1) (DCWPCL), and DC Code §§ 32-1001-15, 32-1301-11(DCWTPAA).

19. At all relevant times, plaintiff and similarly situated individuals were employees of defendants within the meaning of 29 U.S.C. § 203(g) (FLSA), D.C. Code § 32-1002(1)–(2) (DCMWRA), D.C. Code § 32-1301(2) (DCWPCL), and D.C. Code §§32-1001-15, 32-1301-11 (DCWTPAA).

20. At all relevant times, defendant HR was the general contractor for the Mayflower Hotel project where the plaintiff and similarly situated individuals performed work.

## Factual Allegations

21. Plaintiff and similarly situated individuals worked for defendants at a construction project ("the project") located at the Mayflower Hotel, 1127 Connecticut Avenue., N.W., Washington, D.C. 20036.

22. The project involved renovation of the hotel including carpentry and related work performed by the plaintiff and similarly situated individuals.

23. The general contractor for the project is Humphrey Rich Construction Group, Inc.("HR").

24. The plaintiff and similarly situated individuals were hired by Edgar Uriona Cabrera, for a company originally called Mambo Construction Company, Inc., and subsequently renamed Dynamo Painting, LLC, and thereafter renamed L.L.C. Wallpaper.

25. Edgar Uriona Cabrera told the plaintiff and similarly situated individuals that they would be paid $18 an hour for work at the Mayflower Hotel project.

26. The plaintiff and similarly situated individuals began work at the Mayflower Hotel on or about December 1, 2014.  They typically worked from approximately 7:00 a.m. to 5:00 p.m. with a thirty (30) minute lunch break, seven (7) days a week.

27.  The plaintiff and similarly situated individuals received checks for $2,380 every two weeks.  The checks did not include any payroll tax withholding.

28. Supervisors on the Mayflower project were Nelson and Alex (last names unknown) who worked for Edgar Uriona Cabrera. Nelson and Alex directed the work and had the power to hire, fire and discipline plaintiff and similarly situated individuals. They told the plaintiff and similarly situated individuals when to report to work, when to take breaks, and when to leave.

29. Edgar Uriona Cabrera also visited the jobsite on numerous occasions to direct and supervise work.

30. The plaintiff and similarly situated individuals performed framing, finishing and drywall work, using construction materials such as dry wall, joint compound, wood, hardware, and paint that had travelled through interstate commerce.

31. Edgar Uriona Cabrera's company provided materials, equipment and tools other than hand tools, including table saws and compressors.

32. The plaintiff and other similarly situated individuals signed in to work with their finger-prints.

33. By information and belief, defendants did not maintain true and accurate records of each hour, day and week worked by plaintiff and similarly situated individuals, as required by the FLSA, DCMWRA, or the regulations promulgated by these laws.

34. The plaintiff stopped working at the Mayflower Hotel project on or around September 18, 2015.

## Collective Action Allegations

35. This action is maintainable as an opt-in collective action pursuant to the FLSA, 29 U.S.C. 216(b) and the DCMWRA, D.C. Code §32-1308(a)(1).

36. The DCMWRA was amended in early 2015 and provides that a DCMWRA class action "may be maintained by one or more employees who may designate an agent or representative to maintain such action for an on behalf of themselves or on behalf of all employees similarly situated." D.C. Code §32-1308(a)(1). This amendment removed the opt-in and written consent procedures that were present in the earlier statute. Plaintiff contends that rather than seeking to remove a remedy, the amendment sought to expand Plaintiff's available remedies by allowing either an opt-in or an opt-out class action.

37. The plaintiff brings his FLSA and DCMWRA claims on his own behalf and on behalf of all past and present non-exempt employees of defendants who, while working on the Project, were not paid for all hours worked or one and one-half times their regular rate of pay for those hours worked in excess of forty in any one workweek.

38. On information and belief, there are approximately seventy (70) past and present non-exempt employees of defendants who are similarly situated to the plaintiff in that they were carpenters who worked similar hours doing similar work, under the same supervision, and were not paid for all hours worked or overtime for hours worked over forty in each workweek. They were also similarly misclassified as independent contractors.

39. The class of similarly situated employees that Plaintiff seeks to represent is defined as follows:

> All non-exempt employees who performed carpentry work at the Mayflower Hotel, 1127 Connecticut Avenue, N.W., Washington, D.C., from December, 2014, to the final disposition of this action.

40. Pursuant to 29 U.S.C. §216(b), plaintiff has consented in writing to be plaintiff in this action. His consent form will be filed in a separate docket entry.

## Class Action Allegations

41. Plaintiff brings this action as an "opt-out" class action pursuant to D.C. Code § 32-1308(a)(1) and Federal Rule of Civil Procedure 23 on behalf of himself and all past, present and future employees of defendants during the relevant statutory period.

42. The class is so numerous that joinder of all such persons individually is impractical. On information and belief, the class exceeds 70 employees of defendants.

43. Plaintiff and the class have all been similarly affected by defendants' violations of the laws of the District of Columbia.

44. Plaintiff and the class he represents may be reluctant to raise individual claims for fear of retaliation.

45. There are questions of law or fact common to the class that predominate over any

questions affecting only individual members, which include, but are not limited to, the following:

a. Whether defendants failed to pay overtime at a rate of time and a half of the putative Class employees' regular hourly rate.

b. Whether defendants failed to pay the putative class employees for all hours worked.

c. Whether defendants willfully misclassified the putative Class members as independent contractors.

46. Plaintiff's claims are typical of the claims of the above described class because:

a)Plaintiff is a member of the class; b) the interests of the Plaintiff are co-extensive with the interests of the other members of the class; c) Plaintiff's claims arise out of the same unlawful practices, policies and/or course of conduct that form the basis of the claims of the class; d)Plaintiff's claims are based on the same legal and remedial theories as those of the class; e) there is a lack of adverse interests between Plaintiff and the other members of the class; and f) common questions exist.

47. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in employment litigation.

48. Plaintiff will fairly and adequately protect the interests of the class.

49. The instant case meets both the predominance and superiority requirements of Federal Rule of Civil Procedure 23(b)(3).

50. The common questions of law and fact regarding defendants' illegal compensation schemes predominate over any individual differences in class members' claims.

51. A class action is superior to other available methods for the fair and efficient adjudication of the class claims under District of Columbia law and pursuant to Federal Rule of Civil

Procedure 23(b)(3), this case should proceed as a class action in respect to the economic damages owed to Plaintiff and the putative class members.

52. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a serious hardship to members of the class, the Court and the defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the class is entitled.

53. Because members of the class were subject to the same unlawful payment policies and procedures, class members have little interest in individually controlling the prosecution of separate actions and, in most if not all cases, would be unlikely to obtain counsel to adjudicate their individual claims.

54. To date, on information and belief, separate litigation has not commenced against these defendants for the unlawful compensation practices at issue here.

55. The case does not present individualized or exceedingly complex factual or legal issues that would render management of the suit as a class action difficult. Rather, Plaintiff and the class he seeks to represent were all subject to the same unlawful practices that give rise to the instant complaint, and defendants' practices and procedures present the central and overriding issues in the case.

56. The similarly situated employees may be identified from defendants' records and may be notified of the pendency of this representative action in the manner the Court directs.

## COUNT I

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA**

57. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

58. The FLSA requires employers to pay non-exempt employees at least the minimum wage for all hours worked and an overtime premium of one and one half times the regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. §207(a)(1).

59. Defendants violated the FLSA by knowingly failing to pay plaintiffs and similarly situated individuals for all hours worked and one and one half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

60. Defendants' violations of the FLSA were willful.

61. For their willful violations of the FLSA, defendants are liable to the plaintiff and similarly situated individuals for unpaid wages, unpaid overtime compensation, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## COUNT II

FAILURE TO PAY MINIMUM WAGES AND OVERTIME WAGES UNDER THE DCMWRA

62. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

63. The DCMWRA requires employers to pay non-exempt employees for all hours worked and one and one-half times their regular hourly.

64. Defendants violated the DCMWRA by knowingly failing to pay plaintiffs and similarly situated individuals for all hours worked and one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

65. Defendants' violations of the DCMWRA were willful.

66. For their violations of the DCMWRA, defendants are liable to plaintiffs and similarly situated individuals for unpaid wages and unpaid overtime compensation, and an equal

amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

FAILURE TO PAY WAGES UNDER THE DCWPCL

67. Plaintiffs incorporate the foregoing paragraphs as if set forth in their entirety herein.

68. The DCWPCL requires an employer to promptly pay employees all wages due. D.C. Code § 32-1302–3.89. For purposes of the DCWPCL, "wages" include, among other things:

a. "[o]vertime premium" D.C Code § 32-1301(3)(C);

b. "remuneration promised or owed...pursuant to a contract between an employer and another person or entity" D.C Code § 32-1301(3)(E)(ii); and

c. "remuneration promised or owed...Pursuant to District of federal law" D.C Code § 32-1301(3)(E)(iii).

69. Defendants violated the DCWPCL by knowingly failing to pay plaintiffs and similarly situated individuals all wages earned, including the promised wage for all hours worked and an overtime premium.

70. Defendants' violations of the DCWPCL were willful.

71. For their violations of the DCWPCL, defendants are liable to plaintiffs and similarly situated individuals for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV

FAILURE TO PAY WAGES UNDER THE DC WAGE THEFT PREVENTION

AMENDMENT ACT

72. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

73. The DC Wage Theft Prevention Amendment Act D.C. Code §§ 32-1001-15, 32-1301-11 states that the general contractor and subcontractor are jointly and severally liable for violations of the DCMWA.

74. The Defendant HR is liable as general contractor for the wage payment violations of Dynamo Painting, LLC, and Edgar Uriana Cabrera.

75. Under the DCWTPAA, Defendants are liable to plaintiff and similarly situated individuals for the amount of any lost wages and benefits, plus an amount equal to three times the lost wages or benefit as liquidated damages, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT V

**WILLFUL MISCLASSIFICATION OF EMPLOYEES AS INDEPENDENT CONTRACTORS UNDER THE WORKPLACE FRAUD ACT**

76. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

77. The DC Workplace Fraud Act, D.C. Code §§32-1331.01.15 prohibits employers from improperly classifying an employee as an independent contractor.

78. Under the D.C. Workplace Fraud Act, the employer is liable for compensatory damages and an amount up to $500 for each violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants on all counts, jointly and severally, and grant the following relief:

a. Award plaintiff and similarly situated individuals:

   i. unpaid wages, plus an equal amount as liquidated damages, pursuant to the FLSA,

29 U.S.C § 216;

    ii. unpaid wages, plus an equal amount as liquidated damages, pursuant to the DCMWRA, DC Code § 32-1003;

    iii. unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

    iv. unpaid wages plus an amount equal to three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWTPAA, D.C. Code §§32-1001-15, 32-1301-11.

    v. $500 per week for violations of DC Code 6§32-1331.01-.15.

b. Award the plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

c. Award plaintiff court costs;

d. Award plaintiff prejudgment and post-judgment interest as permitted by law; and

e. Award any additional relief the Court deems just.

Dated: May 5, 2016				Respectfully submitted,

/s/Virginia R. Diamond
Virginia R. Diamond, DC Bar #393934
Rebekah Miller, DC Bar #462388
Benjamin Douglas, DC Bar #1001439
Ashcraft & Gerel, LLP
Suite 650, 4900 Seminary Rd.
Alexandria, VA 22311
Phone: (703)627-5510
Fax: (703)820-0630
Email: vdiamond@ashcraftlaw.com
*Counsels for Plaintiff*